TENNESSEE CLUB, GERMAN CASSINO, AND MANNECHOR CLUB *v.* THE TAXING DISTRICT.

TAX. *Municipal.* The act of 1879, in reference to the taxing district, provides: "Every club-room where liquors of any kind are kept, per annum $50." The janitor for his services was permitted to keep a bar in the club-room to serve members alone. *Held,* the club was liable for the tax. A tax upon the club-room is a tax upon its proprietors, who own and control the premises.

---

FROM SHELBY.

---

Appeal in error from the Circuit Court of Shelby county.    J. O. PIERCE, J.

U. W. MILLER for Clubs.

C. W. HEISKELL for Taxing District.

DEADERICK, C. J., delivered the opinion of the court.

The several clubs named have been incorporated, for the purposes of social enjoyment, intellectual culture, and other praiseworthy objects. They rented rooms in Memphis, and in furtherance of the general objects of their several associations, each of said clubs employed the same janitor, whose wages were paid in having the privilege to establish a bar in each of said club-rooms, at which the members only of said clubs were to be served.

According to the evidence, they were often refreshed

at the bar, during meetings, as well as before and after, the bar being kept open every day. The janitor or bar-keeper had no license.

The taxing district sued each of said clubs, under the act approved March 13, 1879, for "keeping club-room where liquors are kept," and recovered $50, which judgment, on appeal to the circuit court, was affirmed, and the clubs have appealed to this court.

The 7th section of the act declares what shall be deemed privileges, and affixes the sum for license in each case. Sub-sec. 7 is in these words: "Every club-room where liquors of any kind are kept, per annum $50." Thus imposing a privilege tax of $50 on every club-room, where any kind of liquor is kept. Other sub-sections impose taxes on *keepers* of *beer* gardens, snack houses, etc. But we understand the imposition of a tax upon the club-room as an imposition upon the proprietors, so that in this case it is a tax upon the club, who claim and have control of the premises.

The facts in these cases are literally within the provisions of the act, and we think, within its purpose and intention, that is, to require the club, if they will have a bar within their rooms, to pay for the privilege.

Let the judgment in each case be affirmed.